Dear Mr. Dean:
You have requested the opinion of this office regarding the ability of the legislature to grant exemptions from ad valorem taxation on property that is not listed in La. Const. (1974) Art. VII, Sec. 21. In particular, you question whether R.S. 33:4862.14, regarding video draw poker devices, is in conflict with Art. VII, Sec. 21.
I am enclosing a copy of Attorney General's Opinion No. 92-491(A) 92-589(A), which addresses the issues raised in your letter. In pertinent part, that opinion notes:
 ". . . Art. VII, Sec. 21 provides, in addition to the homestead exemption, an exclusive listing of property to be exempt from the homestead exemption. The jurisprudence of this state has repeatedly held that the Legislature can not grant exemptions from ad valorem taxation different from the exclusive exemptions granted by the Constitution. See the cases of Warren County, Mississippi v. Hester, 219 La. 763, 54 So.2d 12; Hibernia National Bank v. Louisiana Tax Commission, 195 La. 43, 196 So. 15; see also Attorney General's Opinion No. 92-579.
 "Since the list of property contained in Art. VII, Sec. 21 does not include video draw poker devices, it is the opinion of this office that such devices are not exempt from the levy of ad valorem taxes . . ."
Trusting this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jv/258n Enclosure